# United States District Court
# District of Massachusetts

MICHAEL L. LARKIN,
      Plaintiff,

   v.                       CIVIL ACTION NO. 12-11791-JLT

FORENSIC HEALTH
      SERVICES, INC., ETC.,
KIM LYMAN, ETC.,
LISA TROIANO, ETC.,
KAITLYN MCDONALD, ETC.,
BROOKE PELTZMAN, ETC.,
JOHN LUONGO, ETC.,
       Defendants.

# REPORT AND RECOMMENDATION ON DEFENDANT JOHN LUONGO'S MOTION TO DISMISS (#28)

COLLINGS, U.S.M.J.

## I. Introduction

    This is an action brought by an inmate for an alleged unlawful

termination from a statewide sex offender treatment program at the Massachusetts Treatment Center.  Plaintiff Michael L. Larkin ("Larkin") alleges that staff at the Massachusetts Treatment Center dismissed him from the sex offender treatment program without due process for reasons violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101.  Larkin has named six defendants in this matter.  Defendant John Luongo ("Luongo") has filed a motion to dismiss the complaint against him for failure to state a claim.

For the reasons set forth below, the Court shall recommend that Luongo's motion to dismiss for failure to state a claim be granted without prejudice.

## II. Factual Background

While serving a sentence for violating probation conditions, Larkin claims he was denied access to the sex offender treatment program ("SOTP") at the Massachusetts Treatment Center ("MTC") (#1 at 1) and that the defendants forced him out of this program because they failed to accommodate his mental illness in violation of the ADA. (#1 at 2)  Further, he alleges that the defendants afforded him neither an appeal nor a hearing to challenge his dismissal from SOTP in violation of the Due Process clause of the Fourteenth Amendment. (#8 at 2)

Larkin's challenge derives from the premise that he suffered side-effects because the MTC terminated his access to a psychiatric medication. (#1 at 3) He alleges that the MTC instituted a medical protocol banning medication the MTC psychiatrist had prescribed him, and without this medication, his mental disability made him unable to cope in classroom settings, ultimately leading to his dismissal from SOTP. (#1 at 3)

Larkin contends that he is eligible to be paroled from his current sentence only if he participates in the SOTP. (#8 at 1) Because his dismissal from the SOTP affects his eligibility for parole, and because he was not allowed to challenge this dismissal, Larkin claims the defendants violated his Fourteenth Amendment rights.

In his complaint, Larkin names six defendants: Forensic Health Services, Inc.; Kim Lyman; Lisa Troiano; Kaitlyn McDonald; Brooke Peltzman; and John Luongo ("Luongo"). (#1 at 1)   All defendants except Luongo have filed an Answer to the complaint. *See #37.*  This report only addresses the sufficiency of Larkin's allegations against Luongo, the deputy superintendent for classification and treatment at the MTC.

### III. Standard for Dismissal under 12(b)(6)

A 12(b)(6) motion to dismiss challenges a complaint for failing to state a claim. When analyzing this challenge, a court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1ˢᵗ Cir. 2011).

To withstand a motion to dismiss under Rule 12(b)(6), the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## IV. Discussion

The problem is that neither the Complaint (#1) nor the Plaintiff's Addendum to the Complaint (#8) contains any facts concerning any acts or failures to act attributed to Luongo. In fact, the name Luongo never actually appears within Larkin's complaint other than in naming Luongo as a defendant

and stating that he "...is the Deputy Superintendent for Classification & Treatment at the MTC, and he is sued individually and in his official capacity, [*sic*] employed by the Department of Correction." (#1 at p. 3).

While the Court applies lenient standards to *pro se* litigants' pleadings, these litigants must still satisfy procedural requirements. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) ("[...] *pro se* status does not insulate a party from complying with procedural and substantive law."), *cert. denied sub nom. Ahmed v. Greenwood*, 522 U.S. 1148 (1998).

Specifically, in regards to Luongo, Larkin has failed to provide any short and plain statement of a claim as required by Rule 8, Fed. R. Civ. P. The purpose of these requirements is not only to provide notice of a claim to the defendant, but also to provide the defendant with the grounds upon which the claim rests. *See Twombly*, 550 U.S. at 555 n. 3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). While the Court gives Larkin some leniency based on his *pro se* status, this leniency must at least begin with a modicum set of facts upon which the Court may judge the sufficiency of the claims.

The present complaint must be dismissed to the extent that it purports to state a claim against Luongo.   However, the dismissal should be without prejudice so that, if he chooses, Larkin may file a motion to amend his complaint together with a proposed amended complaint in which sufficient facts are alleged against Luongo to state claims.[1]

## V. Recommendation

Accordingly, I RECOMMEND that defendant John Luongo's Motion to Dismiss (#28) be ALLOWED WITHOUT PREJUDICE.

## VI.  Review by the District Judge

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule

---

[1]

The Court notes that in Larkin's Memorandum of Law Supporting Opposition to Defendant Luongo's Motion to Dismiss (#32), Larkin outlines a number of factual allegations against Luongo that, had they been in the original complaint,  might have sufficiently withstood a Rule 12(b)(6) motion.  But these factual allegations must be in a complaint or an amended complaint in order for Larkin to proceed with claims against Luongo.

72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

June 10, 2013.